IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER SCOTT, #R31806,   ) | |
| ) | |
|    Plaintiff,   ) | |
| ) | |
| v.   ) | Case No.18-cv-2083-RJD |
| ) | |
| M. SIDDIQUI, TARA RACKLEY, and   ) | |
| GAIL WALLS,   ) | |
| ) | |
|    Defendant.   ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff, currently incarcerated with the Illinois Department of Corrections, filed this suit *pro se* pursuant to 42 §1983, alleging that Defendants were deliberately indifferent to his broken toe. Three Motions for Recruitment of Counsel are currently pending (Doc. 66, 67, and 68). As explained further, Plaintiff's Motions are DENIED.

When presented with a request to appoint counsel, the Court first determines whether the indigent plaintiff made a reasonable attempt to obtain counsel. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Here, Plaintiff outlines reasonable attempts to obtain counsel, so the issue for the Court to consider is whether Plaintiff appears competent to litigate *pro se* in light of the complexity of the case. *Id*. The Court considers "any available relevant evidence" to evaluate Plaintiff's competency, including "the plaintiff's literacy, communications skills, educational level, litigation experience, intellectual capacity, and psychological history." *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021).

Here, Plaintiff has a high school education. He has litigated at least three other cases in

this district (15-cv-28-SMY-RJD, 17-cv-1127-JPG, 18-cv-1482-SMY). While the Court recruited counsel for Plaintiff in two of those cases, Plaintiff has certainly had the opportunity to become familiar with the Court's procedures and issues in §1983 cases. His motions and pleadings submitted to the Court in this matter are coherent and organized. *See, e.g.*, Docs. 1, 33.[1] He follows Court deadlines. See Doc. 37 (Plaintiff moved to substitute Defendant Tara Rackley for Defendant Jane Doe according to the deadline in the Scheduling Order). Plaintiff explains that since August 3, 2020, he has been taking medications that make him feel sedated and dizzy. He has difficulty focusing. The Covid-19 pandemic has created additional complications for Plaintiff, like not being able to use the prison's law library.

Comparing Plaintiff's litigation difficulties to the complexity of the issues in this case, the Court does not find it appropriate to recruit counsel for Plaintiff. Plaintiff alleges that, apart from giving him Ibuprofen, the Defendants refused to treat his broken toe. Plaintiff contends that he needs an attorney so that he can depose Defendants and retain an expert. The Court acknowledges that in most cases, depositions and experts are helpful. However, this case does not appear to require medical experts or extensive discovery.

Plaintiff also contends that Defendants are not appropriately responding to discovery. The procedure for resolving discovery disputes is outlined in the Court's Scheduling and Discovery Order (Doc. 60).

Plaintiff's Motions for Recruitment of Counsel (Doc. 66, 67, and 68) are DENIED.

**IT IS SO ORDERED.**

**DATED:   March 17, 2021**

---

[1] The Court did not consider the Motions for Recruitment of Counsel when evaluating Plaintiff's literacy and communication skills, as Plaintiff states that a "jailhouse lawyer" helped him write those motions.

/s/ *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**